UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| In re:<br><br>AMERICORE HOLDINGS, LLC, *et al.*<br><br>    Debtors.<br>_____ | Case No. 19-61608-grs<br>Chapter 11<br>(Jointly Administered) |
| CAROL L. FOX, AS CHAPTER 11 TRUSTEE<br>OF AMERICORE HOLDINGS, LLC, ELWOOD<br>MEDICAL CENTER OPERATIONS, LLC, AND<br>ST. ALEXIUS HOSPITAL CORPORATION #1,<br><br>    Plaintiff,<br><br>v.<br><br>INNOV8IVE EXHIBITIONS 1, LLC<br><br>    Defendant. | Adv. Proc. No. 23-06007-grs |

**NOTICE OF DEFENDANT'S OBJECTIONS TO SUBPOENA
TO TESTIFY AT A DEPOSITION IN A BANKRUPTCY CASE (OR
ADVERSARY PROCEEDING) DATED MARCH 7, 2024 (DOC. 36 PAGES 5–20)**

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure, made applicable in this Adversary Proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, Defendant Innov8ive Exhibitions 1, LLC ("Defendant"), by counsel, files this Objection to the Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) dated March 7, 2024 (Doc. 36 pp. 5–20) (the "Subpoena"). As grounds for this Objection, Defendant states as follows:

1.  The Subpoena was served on Clayton Ferguson, Defendant's Registered Agent in Tennessee, on Saturday, March 9, 2024.

2. This Objection is timely pursuant to Fed. R. Civ. P. 45(d)(2)(B) because it is being filed and served thirteen days after service of the Subpoena on Defendant.

3. Attached to the Subpoena is a Schedule A. *See* Doc. 36 pp. 8–20.

4. Schedule A contains several definitions. The words "you" and "your" are defined as follows:

> "**You**" and "**Your**" means **Innov8ive Exhibitions 1, LLC** including all its past and present affiliates, subsidiaries, and parent, and all their respective officers, directors, shareholders, partners, employees, agents, representatives, attorneys, accountants, or any person acting or purporting to act on Innov8ive Exhibitions 1, LLC's behalf.

*See* Doc. 36 p. 8 (emphasis in original). As discussed below, the definition of the words "you" and "your" is overbroad and purports to require Defendant to produce documents of non-parties that are irrelevant to post-judgment discovery of assets and liabilities of Defendant.

5. Schedule A defines the word "affiliate" as follows:

> "**Affiliate**" includes (a) any entity whose outstanding interests are directly or indirectly owned, controlled, or held by you or by an entity that directly or indirectly owns, controls, or holds the interests of you, (b) any entity that directly or indirectly owns, controls, or holds the interests of you, (c) any entity whose business or substantially all of whose property is operated under a lease or operating agreement by you that operates the business or substantially all of the property of you under a lease or operating agreement, (d) any entity that directly or indirectly controls, is controlled by, or is under common control with another entity, (e) any entity that either directs or causes the direction of management or policies or you, indirectly or directly, (f) any entity that you direct or cause the direction of management or policies, indirectly or directly, (g) an entity related to you by a familial relationship, (h) parents, or (i) subsidiaries[.]

*See* Doc. 36 pp. 9–10 (emphasis in original). As discussed below, the definition of the word "affiliate" is overbroad and purports to require Defendant to produce documents of non-parties that are irrelevant to post-judgment discovery of assets and liabilities of Defendant.

6. Defendant objects to Definition V, which is really an instruction or directive to Defendant. Definition V provides:

2

> If you at any time had possession, custody or control of a document called for under these requests and if such document has been lost, destroyed, purged, or is not presently in Your possession, custody or control, You shall describe the document, the date of its loss, destruction, purge, or separation from possession, custody or control and the circumstances surrounding its loss, destruction, purge, or separation from possession, custody or control.

*See* Doc. 36 p. 14. Under Fed. R. Civ. P. 45, Defendant is only obligated to produce documents; it is neither required to give nor will give Carol L. Fox, as Chapter 11 Trustee of Americore Holdings, LLC, Ellwood Medical Center Operations, LLC, and St. Alexus Hospital Corporation #1 ("Plaintiff"), a written statement concerning any documents that might have been lost, destroyed, purged, or are not presently in the possession of Defendant. Simply put, Definition V is outside the scope of Fed. R. Civ. P. 45 and is objectionable on that basis.

7.     Defendant objects to **Request for Production No. 1** because of the definition of the word "your" contained therein. **Request for Production No. 1** purports to require Defendant to produce "financial statements, inventories and schedules reflecting [] assets, liabilities, income and net worth" of not only Defendant, but non-parties, including, but not limited to, Defendant's undersigned legal counsel. Defendant is neither obligated to nor will produce any financial statements, inventories and schedules reflecting [] assets, liabilities, income and net worth" of any "entity," as such term is defined in Paragraph K on page 5 of Schedule A (Doc. 26 p. 12), with the sole exception of Defendant.

8.     Defendant objects to **Request for Production No. 2** because of the definitions of the words "you" and "your" contained therein. **Request for Production No. 2** purports to require Defendant to produce "[a]ll statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature" of the interest of non-parties in "any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic)." As written, **Request for Production No. 2** purports to require Defendant to produce

3

its undersigned legal counsel's "statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature" of the interest of the undersigned in "any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic)."  Defendant is neither obligated to nor will produce any "statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature" of the interest of non-parties in "any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic)."  In response to **Request for Production No. 2**, Defendant will only produce "statements, passbooks, ledger sheets, account cards, and other written instruments reflecting the nature" of the interest of Defendant in "any account in any bank, savings and loan association, or other financial institution (whether foreign or domestic)" since January 1, 2020.

9. Defendant objects to **Request for Production No. 3** because of the definitions of the words "you" and "your" contained therein.  **Request for Production No. 3** purports to require Defendant to produce "[a]ll records, including canceled checks, withdrawal or deposit slips, regarding any savings or checking account" in which Defendant's name has not appeared, but from which Defendant's undersigned legal counsel and other non-parties "withdrew, or deposited money at any time from January 1, 2020, up to the date of the taking of the deposition."  On its face, **Request for Production No. 3** is absurd.  In response to **Request for Production No. 3**, Defendant will only produce "records, including canceled checks, withdrawal or deposit slips, regarding any savings or checking account" in Defendant's name since January 1, 2020.

10. Defendant objects to **Request for Production No. 4** because of the definition of the word "you" contained therein.  As written, **Request for Production No. 4** purports to require Defendant to produce insurance policies in which its undersigned legal counsel and other non-

4

parties have an interest.  On its face, **Request for Production No. 4** is absurd.  In response to **Request for Production No. 3**, Defendant will only produce insurance policies in which Defendant has "an interest in any nature"; <u>provided</u>, however, such insurance policies exist.

11.    Defendant objects to **Request for Production No. 5** because of the definition of the word "you" contained therein.  As written, **Request for Production No. 5** purports to require Defendant to produce "[a] list of records of all safety deposit boxes in which property owned by" non-parties, including the undersigned counsel, "has been stored at any time since January 1, 2020."  On its face, **Request for Production No. 5** is absurd.  In response to **Request for Production No. 5**, Defendant is only required to produce "records of all safety deposit boxes in which property owned by" Defendant has "been stored at any time since January 1, 2020."  Defendant also objects to **Request for Production No. 5** on the ground that it is not required to prepare a "schedule of contents" in any safety deposit boxes under Fed. R. Civ. P. 45 and will not do so.  Rule 45(a)(A)(iii) only permits Plaintiff to command Defendant to produce documents that are in existence and in Defendant's "possession, custody, or control."

12.    Defendant objects to **Request for Production No. 6** because of the definitions of the words "you" and "your" contained therein.  As written, **Request for Production No. 6** purports to require Defendant to produce "[r]ecords of all charge accounts," including "credit cards," in the name of Defendant's undersigned legal counsel and other non-parties.  On its face, **Request for Production No. 6** is absurd.  In response to **Request for Production No. 6**, Defendant will only produce "[r]ecords of all charge accounts," including "credit cards," in Defendant's name or in which it had interest at any time since January 1, 2020.

13.    Defendant objects to **Request for Production No. 7** because of the definitions of the words "you" and "your" contained therein.  As written, **Request for Production No. 7** purports to require Defendant to produce "[r]ecords which would identify all real property" in

which non-parties, including Defendant's undersigned legal counsel, "have an interest of any kind or nature" since January 1, 2020. On its face, **Request for Production No. 7** is absurd. In response to **Request for Production No. 7**, Defendant will only produce "[r]ecords which would identify all real property" in which Defendant has had an interest of any kind or nature since January 1, 2020; provided, however, such records exist.

14. Defendant objects to **Request for Production No. 8** because of the definition of the word "your" contained therein. As written, **Request for Production No. 8** purports to require Defendant to produce "[a]ll reports and writing provided" to limited partners or investors of Defendant's undersigned legal counsel and other non-parties. On its face, **Request for Production No. 8** is absurd. In response to **Request for Production No. 8**, Defendant will only produce "[a]ll reports and writing provided" to limited partners of or investors in Defendant since January 1, 2020.

15. Defendant objects to **Request for Production No. 9** because of the definition of the word "you" contained therein. As written, **Request for Production No. 9** purports to require Defendant to produce "[p]leadings and other documents pertaining to all claims and/or interest [sic] presently asserted or previously asserted by" Defendant's undersigned legal counsel and other non-parties "in all legal proceedings, foreign or domestic from January 1, 2020 to date." On its face, **Request for Production No. 9** is absurd. In response to **Request for Production No. 9**, Defendant will only produce "[p]leadings and other documents pertaining to all claims and/or interest [sic] presently asserted or previously asserted by" Defendant "in all legal proceedings, foreign or domestic from January 1, 2020 to date"; <u>provided</u>, however, such pleadings and documents exist.

16. Defendant objects to **Request for Production No. 10** because of the definitions of the words "you" and "your" contained therein. As written, **Request for Production No. 10**

6

purports to require Defendant to produce "[t]rue and correct copies of all federal income tax returns and all attached schedules) and all other tax returns (tangible or intangible) filed by" Defendant's legal counsel and other non-parties or on their "behalf in the years 2020 to date, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country." On its face, **Request for Production No. 10** is absurd. In response to **Request for Production No. 10**, Defendant will only produce "[t]rue and correct copies of all federal income tax returns and all attached schedules) and all other tax returns (tangible or intangible) filed by" Defendant or on its "behalf in the years 2020 to date, whether filed with the United States government, the government of any state or municipality, or the government of any foreign country."

17.  Defendant objects to **Request for Production No. 11** because of the definition of the word "you" contained therein. As written, **Request for Production No. 11** purports to require Defendant to produce "[a]ll books and records pertaining to all stocks, bonds, or commodities brokerage accounts maintained by" Defendant's legal counsel and other non-parties or in which they have had an interest since January 1, 2020, including "monthly statements of account and customer confirmation slips (notifications of purchase or sale)." On its face, **Request for Production No. 11** is absurd. In response to **Request for Production No. 11**, Defendant will only produce "[a]ll books and records pertaining to all stocks, bonds, or commodities brokerage accounts maintained by" Defendant or in which it has had an interest since January 1, 2020, including "monthly statements of account and customer confirmation slips (notifications of purchase or sale)."

18.  Defendant objects to **Request for Production No. 12** because of the definition of the word "you" contained therein. As written, **Request for Production No. 12** purports to require Defendant to produce "[a] schedule of all stocks, bonds, and other securities in which"

7

Defendant's legal counsel and other non-parties "have had an interest of any kind, nature or character" since January 1, 2020, including "all stock certificates, bonds and other securities or certificates representing an interest, beneficial or otherwise, in any partnership, trust, or corporation." On its face, **Request for Production No. 12** is absurd. In response to **Request for Production No. 12**, Defendant will only produce "stock certificates, bonds and other securities or certificates representing an interest [of Defendant], beneficial or otherwise, in any partnership, trust, or corporation." Defendant also objects to **Request for Production No. 12** on the ground that it is not required to prepare a "schedule of all stocks, bonds, and other securities in which" Defendant has had an interest of any kind, nature or character" since January 1, 2020 under Fed. R. Civ. P. 45 and will not prepare such a schedule. Rule 45(a)(A)(iii) only permits Plaintiff to command Defendant to produce documents that are in existence and in Defendant's "possession, custody, or control."

19.  Defendant objects to **Request for Production No. 13** because of the definition of the word "you" contained therein. As written, **Request for Production No. 13** purports to require Defendant to produce "[a]ll books and records reflecting the names and addresses of persons or entities which owe" Defendant's legal counsel and other non-parties "any money and the amounts thereof, and the dates of such indebtedness and the nature thereof." On its face, **Request for Production No. 13** is absurd. In response to **Request for Production No. 13**, Defendant will only produce "[a]ll books and records reflecting the names and addresses of persons or entities which owe" Defendant "any money and the amounts thereof, and the dates of such indebtedness and the nature thereof."

20.  Defendant objects to **Request for Production No. 14** because of the definition of the word "you" contained therein. As written, **Request for Production No. 14** purports to require Defendant to produce "[a]ll journals of account, all general ledgers, all subsidiary

8

ledgers, cash disbursements journals, receipt journals, stock transfer books, real and personal property ledgers, tax returns, inventories, financial statements, and all other books of account, work sheets, and accounting records from January 1, 2020 to date, of all corporations, limited partnerships, general partnerships, proprietorships, and all other business or income producing ventures in which" Defendant's legal counsel and other non-parties have had any interest since January 1, 2019.  On its face, **Request for Production No. 14** is absurd.  In response to **Request for Production No. 14**, Defendant will only produce "[a]ll journals of account, all general ledgers, all subsidiary ledgers, cash disbursements journals, receipt journals, stock transfer books, real and personal property ledgers, tax returns , inventories, financial statements, and all other books of account, work sheets, and accounting records from January 1, 2020 to date, of all corporations, limited partnerships, general partnerships, proprietorships, and all other business or income producing ventures in which" Defendant has had any interest since January 1, 2019.

21.     Defendant objects to **Request for Production No. 15** because of the definition of the word "you" contained therein.  As written, **Request for Production No. 15** purports to require Defendant to produce "[r]ecords which would identify all automobiles, boats, airplanes, or other vehicles of transportation in which" Defendant's legal counsel and other non-parties have had "any interest of any kind and nature from January 1, 2020, up to the date of the taking of the deposition and the nature and present status of that interest, whether such vehicles of transportation are located within or without the United States of America, including title and license registration certificates, mortgages, security agreements and mortgage or security payment books pertaining to such interest."  On its face, **Request for Production No. 15** is absurd.  In response to **Request for Production No. 15**, Defendant will only produce "[r]ecords which would identify all automobiles, boats, airplanes, or other vehicles of transportation in which" Defendant has had "any interest of any kind and nature from January 1, 2020, up to the

9

date of the taking of the deposition and the nature and present status of that interest, whether such vehicles of transportation are located within or without the United States of America, including title and license registration certificates, mortgages, security agreements and mortgage or security payment books pertaining to such interest."

22. Defendant objects to **Request for Production No. 16** because of the definitions of the words "you" and "your" contained therein. As written, **Request for Production No. 16** purports to require Defendant to produce "[a] schedule of all personal property owned by" Defendant's legal counsel and other non-parties or in which they have had "an interest of any kind (whether legal or beneficial or a combination thereof) at any time" since January 1, 2020; "all financial statements and inventories which have been prepared by" Defendant's legal counsel and other non-parties or on their behalf "pertaining to such personal property and all document [sic] showing the nature and status of [their] interest therein." On its face, **Request for Production No. 16** is absurd. Defendant also objects to **Request for Production No. 16** on the ground that it is not required to prepare a "schedule" of any personal property owned by Defendant or in which it has had an interest at any time in the past. Rule 45(a)(A)(iii) only permits Plaintiff to command Defendant to produce documents that are in existence and in Defendant's "possession, custody, or control." In response to **Request for Production No. 16**, Defendant will only produce "financial statements and inventories which have been prepared by" Defendant or on its behalf "pertaining to such personal property and all document showing the nature and status of its interest therein."

23. Defendant objects to **Request for Production No. 17** because of the definition of the word "you" contained therein. As written, **Request for Production No. 17** purports to require Defendant to produce "[a] schedule of all interests in personal or real property (whether foreign or domestic) with respect to which" Defendant's legal counsel and other non-parties

10

"have sold, transferred, deeded, given away or conveyed away any interest of any kind or nature from January 1, 2020, up to the date of the taking of the deposition, together with all receipts, memoranda and other writings, and documents which would show or tend to show the persons or entities to whom such interests were transferred, the dates of transfer, the consideration, if any, paid by the transferee involved and all other circumstances surrounding said transfers, [sic]" On its face, **Request for Production No. 17** is absurd. Defendant also objects to **Request for Production No. 17** on the ground that it is not required to prepare a "schedule" of any interests it has had in any personal or real property at any time in the past. Rule 45(a)(A)(iii) only permits Plaintiff to command Defendant to produce documents that are in existence and in Defendant's "possession, custody, or control." In response to **Request for Production No. 17**, Defendant will only produce documents concerning its "interests in personal or real property (whether foreign or domestic) with respect to which" Defendant has "sold, transferred, deeded, given away or conveyed away any interest of any kind or nature from January 1, 2020, up to the date of the taking of the deposition, together with all receipts, memoranda and other writings, and documents which would show or tend to show the persons or entities to whom such interests were transferred, the dates of transfer, the consideration, if any, paid by the transferee involved and all other circumstances surrounding said transfers, [sic]"

24. Defendant objects to **Request for Production No. 18** because of the definition of the word "you" contained therein. As written, **Request for Production No. 18** purports to require Defendant to produce "[a]ll documents of whatsoever kind or nature which evidence, related to or refer to any probate trust agreement in which" Defendant's undersigned legal counsel and other non-parties "were or are a grantor, trustee, or beneficiary, from January 1, 2020, to date." On its face, **Request for Production No. 18** is absurd. In response to **Request for Production No. 18**, Defendant will only produce "[a]ll documents of whatsoever kind or

nature which evidence, related to or refer to any probate trust agreement in which" Defendant was "a grantor, trustee, or beneficiary, from January 1, 2020, to date"; <u>provided</u>, however, such documents exist.

25. Defendant objects to **Request for Production No. 19** because of the definitions of the words "you" and "entities" contained therein. As written, **Request for Production No. 19** purports to require Defendant to produce "[a]ll documents evidencing, relating to, or referring to any mortgages or security interests granted by" Defendant's undersigned legal counsel and other non-parties "alone or in conjunction with other persons or entities, with respect to any real or personal property in which it [sic] has owned any interest" since January 1, 2020. On its face, **Request for Production No. 19** is absurd. In response to **Request for Production No. 19**, Defendant will only produce "[a]ll documents evidencing, relating to, or referring to any mortgages or security interests granted by" Defendant "alone or in conjunction with other persons or entities, with respect to any real or personal property in which [Defendant] has owned any interest" since January 1, 2020; <u>provided</u>, however, such responsive documents exist.

26. Defendant objects to **Request for Production No. 20** because of the definition of the word "you" contained therein. As written, **Request for Production No. 20** purports to require Defendant to produce "[a]ll documents evidencing, relating to, or referring to any compensation, including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or nature, paid to any person, firm, or other business venture in which" Defendant's undersigned legal counsel and other non-parties have had any interest since January 1, 2020. On its face, **Request for Production No. 20** is absurd. In response to **Request for Production No. 20**, Defendant will only produce "[a]ll documents evidencing, relating to, or referring to any compensation, including salary, bonuses, gifts, gratuities, or fringe benefits of whatever kind or

nature, paid [by Defendant] to any person, firm, or other business venture in which" Defendant has had any interest since January 1, 2020.

27. Defendant objects to **Request for Production No. 21** because of the definition of the word "you" contained therein. As written, **Request for Production No. 21** purports to require Defendant to produce "[a]ll documents evidencing, relating to, or referring to all businesses, transactions or business ventures" Defendant's undersigned legal counsel and other non-parties "have been involved in, inquired about, or made offers for, from January 1, 2020 to date." On its face, **Request for Production No. 21** is absurd. In response to **Request for Production No. 21**, Defendant will only produce "[a]ll documents evidencing, relating to, or referring to all businesses, transactions or business ventures" Defendant has "been involved in, inquired about, or made offers for, from January 1, 2020 to date."

28. Defendant objects to **Request for Production No. 22** because of the definition of the word "you" contained therein. As written, **Request for Production No. 22** purports to require Defendant to produce "[a]ll documents" concerning property in the hands of Defendant's undersigned attorney and other non-parties that they might contend is exempt. On its face, **Request for Production No. 22** is absurd. Defendant does not claim any property it owns is exempt, so Defendant has no documents to produce in response to **Request for Production No. 22**.

29. Defendant objects to **Request for Production No. 23** because of the definition of the word "you" contained therein. As written, **Request for Production No. 23** purports to require Defendant to produce "[a]ll documents evidencing, showing or reflecting any interest" that Defendant's undersigned legal counsel and other non-parties "have in any intellectual property including, but limited to, all tradenames, trademarks, copyrights or patents." On its face, **Request for Production No. 23** is absurd. In response to **Request for Production No. 23**,

Defendant will only produce "[a]ll documents evidencing, showing or reflecting any interest" Defendant has "in any intellectual property including, but limited to, all tradenames, trademarks, copyrights or patents"; <u>provided</u>, however, such responsive documents exist.

30. Defendant objects to **Request for Production No. 24** because of the definition of the word "your" contained therein. As written, **Request for Production No. 24** purports to require Defendant to produce "[a]ll documents evidencing, showing or reflecting any contracts or agreements" Defendant's undersigned legal counsel and other non-parties have concerning the "provision of goods or services." On its face, **Request for Production No. 24** is absurd. In response to **Request for Production No. 24**, Defendant will only produce "[a]ll documents evidencing, showing or reflecting any contracts or agreements" Defendant has concerning the "provision of goods or services."

31. Defendant objects to **Request for Production No. 26** because of the definition of the word "your" contained therein. As written, **Request for Production No. 26** purports to require Defendant to produce "[a]ll operating agreements governing" the "business affairs" of Defendant's undersigned legal counsel and other non-parties. On its face, **Request for Production No. 26** is absurd. In response to **Request for Production No. 26**, Defendant will only produce "[a]ll operating agreements governing" Defendant's "business affairs"; <u>provided</u>, however, such responsive agreements exist.

32. Defendant objects to **Request for Production No. 27** because of the definition of the word "your" contained therein. As written, **Request for Production No. 27** purports to require Defendant to produce "[a]ll documents evidencing, relating to, or referring the minutes of any meetings of" Defendant's undersigned legal counsel and other non-parties. On its face, **Request for Production No. 27** is absurd. In response to **Request for Production No. 27**, Defendant will only produce "[a]ll documents evidencing, relating to, or referring the minutes of

any meetings of" Defendant's managers or members; <u>provided</u>, however, such responsive documents exist.

33. Defendant objects to **Request for Production No. 28** because of the definition of the word "your" contained therein. As written, **Request for Production No. 28** purports to require Defendant to produce "[a]ll documents evidencing, showing, referring, or reflecting" Defendant's undersigned legal counsel's "managers and members, including all capital contributions." On its face, **Request for Production No. 28** is absurd. In response to **Request for Production No. 28**, Defendant will only produce "[a]ll documents evidencing, showing, referring, or reflecting" the capital contributions made by Defendant's managers and members.

34. Defendant objects to **Request for Production No. 29** because of the definition of the word "you" contained therein. As written, **Request for Production No. 29** purports to require Defendant to produce "[a]ll documents evidencing, showing, referring, or reflecting all reasons" Defendant's undersigned legal counsel and other non-parties "have failed and refused to pay the indebtedness due under the loan agreements with The Third Friday Total Return Fund, LP and which has now been reduced to a final judgment entered on behalf of the Trustee." On its face, **Request for Production No. 29** is absurd. In response to **Request for Production No. 29**, Defendant will only produce "[a]ll documents evidencing, showing, referring, or reflecting all reasons" Defendant has "failed and refused to pay the indebtedness due under the loan agreements with The Third Friday Total Return Fund, LP and which has now been reduced to a final judgment entered on behalf of the Trustee"; <u>provided</u>, however, such responsive documents exist.

35. Defendant objects to **Request for Production No. 30** because of the definition of the word "your" contained therein. As written, **Request for Production No. 30** purports to require Defendant to produce "[a]ll documents evidencing, showing, referring, or reflecting" the

15

relationship of Defendant's undersigned legal counsel and other non-parties "with The Third Friday Total Return Fund, LP and/or Michael E. Lewitt." On its face, **Request for Production No. 30** is absurd. In response to **Request for Production No. 30**, Defendant will only produce "[a]ll documents evidencing, showing, referring, or reflecting" Defendant's relationship "with The Third Friday Total Return Fund, LP and/or Michael E. Lewitt."

36.     Defendant objects to **Request for Production No. 31** because of the definition of the word "your" contained therein. As written, **Request for Production No. 31** purports to require Defendant to produce "[a]ll documents evidencing or reflecting" the business plans of Defendant's undersigned legal counsel and other non-parties. On its face, **Request for Production No. 31** is absurd. In response to **Request for Production No. 31**, Defendant will only produce "[a]ll documents evidencing or reflecting" Defendant's business plans"; <u>provided</u>, however, such responsive documents exist.

**The Subpoena was served in contravention of Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9011(b)(1). Plaintiff needs to a much better job in the future when commanding the production of documents under a federal subpoena.**

Respectfully submitted,

<u>/s/ Michael J. Gartland</u>
Michael J. Gartland, Esq.
KY Bar No. 91194
DelCotto Law Group PLLC
200 North Upper Street
Lexington, KY  40507
Telephone: (859) 231-5800
mgartland@dlgfirm.com

COUNSEL FOR DEFENDANT
INNOV8IVE EXHIBITIONS 1, LLC

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that on March 22, 2024, this document was served electronically via the Court's CM/ECF System.

                                  /s/ Michael J. Gartland
                                  Michael J. Gartland, Esq.
                                  COUNSEL FOR DEFENDANT
                                  INNOV8IVE EXHIBITIONS 1, LLC

Objection to Subpoena - FV 20240322.doc